

**FILED & ENTERED**

**JAN 07 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY llewis    DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:    Edward Leon Guy, III, Debtor | Case No.:  2:15-bk-17887-ER<br>Adv. No.:  2:15-ap-01567-ER |
| Edward Leon Guy III,<br><br>                                    Plaintiff<br><br>          v.<br><br>AT&T Corporation,<br><br>                                    Defendant | **ORDER REQUIRING PLAINTIFF TO APPEAR AND SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED IN THE AMOUNT OF DEFENDANT'S REASONABLE ATTORNEY'S FEES FOR FILING A FRIVOLOUS COMPLAINT**<br><br>Date:        February 17, 2016<br>Time:       10:00 a.m.<br>Location:  Ctrm. 1568<br>               Roybal Federal Building<br>               255 East Temple Street<br>               Los Angeles, CA 90012 |

On February 17, 2016, at 10:00 a.m., Plaintiff must appear and show cause, if any there be, why he should not be sanctioned in the amount of Defendant's reasonable attorneys' fees for filing a frivolous complaint. The reasons for the issuance of this Order to Show Cause ("OSC") are set forth in the Final Ruling Granting Summary Judgment in Defendant's Favor ("Final Ruling"), attached hereto. By no later than February 3, 2016, Plaintiff must file with the Court and serve upon Defendant a response to this OSC, demonstrating why, in filing the complaint, he was not acting in bad faith, vexatiously, and for an improper purpose. As the Court explained in the Final Ruling, Plaintiff filed the complaint, alleging that Defendant had breached a settlement

agreement, two days after Plaintiff had cashed the check Defendant issued in connection with that settlement agreement. This demonstrates that at the time Plaintiff filed the complaint, he knew that Defendant had complied with the terms of the settlement agreement.

Defendant's reply to Plaintiff's response to the OSC, if any, must be submitted by February 10, 2016. Defendant must also submit, by no later than January 21, 2016, a declaration setting forth the attorneys' fees incurred in responding to the complaint.

IT IS SO ORDERED.

###

Date: January 7, 2016

Ernest M. Robles
United States Bankruptcy Judge

## Final Ruling Granting Summary Judgment in Defendant's Favor

**Pleadings Filed and Reviewed:**

1) Debtor's Adversary Complaint [for] (1) Breach of Contract and (2) Unfair Business Practices ("Complaint") [Doc. No. 1]
2) Defendant AT&T Corp.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012(b) ("Motion") [Doc. No. 9]
    a) Certification of Karen A. Cavagnaro in Support of Defendant AT&T Corp.'s Motion to Dismiss Plaintiff's Complaint [Doc. No. 10]
    b) Notice of Motion [Doc. No. 11]
    c) Defendant AT&T Corp.'s Statement of Corporate Ownership [Doc. No. 12]
3) Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opposition") [Doc. No. 15]
4) Order: (1) Notifying Parties that Motion to Dismiss Will be Treated as Motion for Summary Judgment; and (2) Directing Parties to Submit Any Additional Materials Pertinent to the Motion by December 30, 2015 [Doc. No. 14]
5) Notice of Appeal of Order: (1) Notifying Parties that Motion to Dismiss Will be Treated as Motion for Summary Judgment; and (2) Directing Parties to Submit Any Additional Materials Pertinent to the Motion by December 30, 2015 [Doc. No. 18]
6) Defendant AT&T Corp.'s Reply in Support of its Motion to Dismiss Plaintiff's Complaint ("Reply") [Doc. No. 17]

    The parties were previously notified by the Court that Defendant's Motion to Dismiss would be treated as a motion for summary judgment. The Court will enter summary judgment in Defendant's favor. The Court will issue an order requiring Plaintiff to appear and show cause why he should not be sanctioned, in the amount of Defendant's reasonable attorney's fees, for filing a frivolous complaint.

## I. Facts and Summary of Pleadings

    On October 29, 2015, Edward Guy Leon ("Plaintiff") filed a Complaint for (1) Breach of Contract and (2) Unfair Business Practices ("Complaint") [Doc. No. 1] against AT&T Corporation ("Defendant"). The Complaint alleges that Defendant failed to perform its obligations under a settlement agreement ("Settlement Agreement") reached in a previous action between Plaintiff and Defendant. In the previous action, Adv. No. 2:15-ap-01472-ER ("Previous Action"), Plaintiff alleged that Defendant violated the automatic stay and was liable for intentional infliction of emotional distress and negligent infliction of emotional distress. After reaching the Settlement Agreement, Plaintiff voluntarily dismissed the Previous Action on October 22, 2015 [Doc. No. 9, Adv. No. 2:15-ap-01472-ER].

    The Settlement Agreement reached in the Previous Action provides in relevant part:

> In full and final settlement and satisfaction of the claims asserted in the Complaint, or any and all claims that could have been asserted on behalf of the Debtor [Plaintiff], AT&T [Defendant] shall pay, as consideration for this settlement, the aggregate sum of $5,000 (the "Settlement Sum"). The Settlement Sum shall be paid by check. Such check shall be made payable to the order of: Edward Guy Leon, III, 4071 S. Muirfield Road, Apt. B, Los Angeles, CA 90008. The Settlement Sum shall be delivered within (7) seven days of the date on which both of the following conditions have been

> met: (i) Debtor's delivery to AT&T of a copy of this Settlement Agreement executed by the Debtor and (ii) delivery to AT&T of a December 2014 IRS Form W-9, which form is attached hereto as Exhibit "A," completed by the Payee.

Settlement Agreement (attached as an exhibit to the Complaint).

In the Complaint, Plaintiff alleges that Defendant breached the Settlement Agreement for the following reasons:

> On or about October 26, 2015, Defendant tendered Plaintiff received [sic] a check from AT&T, drawn on JPMorgan Chase Bank, N.A., (hereinafter referred to as "Chase"), however when Plaintiff tendered the check at a local Chase Bank, Plaintiff was informed that the check given Plaintiff was made over the allowable limit of the account from which the check was drawn…. Plaintiff immediately contacted Chase Bank and Defendant's attorney Mr. Joshua Raymond, who informed Plaintiff that the check was good and that Plaintiff would have to deposit the check into his account where it would be good. Plaintiff explained to Defendant that the check should be able to be tendered and cashed at any bank from which Defendants made the check, Mr. Raymond disagreed…. When Plaintiff [sic; should be Defendant] failed to tender Plaintiff with a valid check which could be tendered at any Chase Bank, Defendants breached their agreement with Plaintiff.

Complaint at ¶¶ 14–15 and 18.

**Defendant's Motion to Dismiss ("Motion")**

Defendant moves to dismiss the Complaint. According to Defendant: "[W]ith regard to Plaintiff's alleged breach of contact claim, Plaintiff never alleges that the Check … was not cashed, nor that the settlement funds were never received, and thus, Plaintiff fails to plead sufficient facts to support a theory that the [Settlement] Agreement … was breached." Motion at ¶1. Defendant asserts that the check was cashed two days after being issued by the Defendant. In support, Defendant provides a declaration from Karen A. Cavagnaro ("Cavagnaro Declaration"), Defendant's lead paralegal. The Cavagnaro Declaration includes a copy of the canceled check, with a deposit stamp dated October 28, 2015.

Defendant seeks the imposition of civil contempt sanctions against the Plaintiff on the grounds that the Complaint constitutes an abuse of process.

**Plaintiff's Opposition to Motion to Dismiss ("Opposition")**

Plaintiff's Opposition provides additional details about the events that occurred after Defendant issued the check. The Opposition makes clear that Plaintiff never attempted to deposit the check into his personal account. In an e-mail to Defendant's counsel, Plaintiff states that he attempted to cash the check at Chase Bank (where Plaintiff does not have an account) but could not do so. Plaintiff states: "I do not want to pay fees for check cashing and I do not want to put this check through my personal account." Opposition at Exhibit C. On October 28, 2015, Plaintiff went to a check cashing store and paid a fee of 3% to cash the check. Opposition at 5 and Exhibit E.

Plaintiff argues that the requirement that he deposit the check through his personal bank account violates his right of freedom of association under the First Amendment: "Defendant states in his declaration that I should have deposited the check Defendants gave me in my personal account and allowed it to clear in the regular course of business, however the Constitution does not require I join any bank or associate with any bank…. This would violate

my Constitutional Rights. I do not have to associate with any bank or have a banking account as long as the United States Constitution exists as it exists now." Opposition at 8–9. Regarding his cashing of the check at a check cashing store, Plaintiff explains that he was mitigating the damages caused by Defendant's alleged breach of the Settlement Agreement. *Id.* at 9–10.

**Order Notifying Parties that Motion to Dismiss Will Be Treated as Motion for Summary Judgment ("Order")**

     After reviewing Plaintiff's Opposition, which contains several exhibits going beyond the four corners of Plaintiff's Complaint, the Court issued an order informing the parties that the Motion to Dismiss would be treated as a motion for summary judgment. The Order provided the parties the opportunity to submit additional materials for the Court's consideration in connection with the Motion. *See* Fed. R. Civ. P. 12(b) (made applicable to Fed. R. Bankr. P. 7012) ("If, on a motion under Rule 12(b)(6) …, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). The deadline to submit additional materials was December 30, 2015. Plaintiff did not submit any additional materials, but did file a Notice of Appeal of the Order on December 29, 2015, Doc. No. 18. On December 30, 2015, Defendant filed a brief Reply to Plaintiff's Opposition. Defendant's Reply does not contain any additional evidence for the Court's consideration.

## II. Findings of Fact and Conclusions of Law

     As a threshold matter, the Court addresses the jurisdictional effect of Plaintiff's appeal of the interlocutory Order informing the parties that the Motion to Dismiss would be treated as a motion for summary judgment. Plaintiff's appeal was not accompanied by a motion for leave to appeal an interlocutory order under Fed. R. Bankr. P. 8004. Whether the appeal may proceed is, of course, a determination to be made by the District Court. *See generally* Fed. R. Bankr. P. 8004(c)–(d). In the interim, Plaintiff's appeal of the interlocutory Order does not divest this Court of jurisdiction to determine Defendant's Motion to Dismiss (which the Court, by virtue of not excluding matters beyond the four corners of the Complaint, is treating as a motion for summary judgment). *See Matter of U.S. Abatement Corp.*, 39 F.3d 563, 568 (5th Cir. 1994) (an appeal of an interlocutory order does not divest the trial court of jurisdiction with respect to the matter from which the appeal has been taken); 10 Collier on Bankruptcy ¶8004.05 (same).

     Turning to the merits, the Court finds that Defendant is entitled to summary judgment in its favor. There is no genuine dispute as to any material fact, and Defendant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056. As the Ninth Circuit has explained, "An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only it if could affect the outcome of the suit under the governing law." *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 707 (9th Cir. 2008).

     Plaintiff's claims that Defendant breached the Settlement Agreement and thereby engaged in unfair business practices fail. The evidence before the Court, submitted by the Plaintiff, establish that Defendant complied with the Settlement Agreement. The Settlement Agreement required Plaintiff to pay Defendant $5,000, with payment to be made by check issued within seven days of execution of the Settlement Agreement. Defendant issued to Plaintiff a

valid check on October 26, 2015, within the period prescribed in the Settlement Agreement. Defendant cashed that check on October 28, 2015, two days later.

Plaintiff alleges that Defendant breached the Settlement Agreement because Plaintiff was not able to cash the check at Chase Bank, where he does not have a personal account. However, nothing in the Settlement Agreement requires Defendant to issue a check capable of being cashed at a bank where Plaintiff lacked an account. All the Settlement Agreement requires is that Plaintiff issue a check "payable to the order of: Edward Leon Guy, III, 4071 S. Muirfield Road, Apt. B, Los Angeles, CA 90008." The evidence before the Court establishes without question that Plaintiff complied with this requirement. *See* Opposition at Exhibit B (check payable to Edward Leon Guy, III) and Exhibit F (copy of canceled check, establishing that Plaintiff cashed the check on October 28, 2015). Nor does the Settlement Agreement, contrary to Plaintiff's allegations, contain any terms providing that Plaintiff could cash the check at Chase Bank (the issuing bank) if Plaintiff did not have an account at Chase.

Plaintiff's contentions regarding an alleged violation of his First Amendment rights are utterly without merit. The First Amendment right of freedom of association protects individuals from being forced by the government to associate with individuals against their will. It does not apply to an agreement between private parties, such as the Settlement Agreement at issue here. When Plaintiff agreed to the Settlement Agreement, he agreed to receive the settlement payment via check. If Plaintiff did not want to associate with a bank, he should have negotiated for the settlement payment to be tendered in a form other than a check.

**The Court Will Issue an Order Requiring Plaintiff to Appear and Show Cause Why He Should Not be Sanctioned**

The Bankruptcy Court has civil contempt authority under §105. *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1188 (9th Cir. 2011). Criminal contempt sanctions are not available under §105. *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1193 (9th Cir. 2003). A sanction is civil if it is "either compensatory or designed to coerce compliance." *Id.* at 1192. A sanction is criminal if the sanction is punitive—that is, "'if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance,' and the fine is not compensatory." *Id.* (internal citations omitted). Attorneys' fees may be awarded as compensatory damages under the Court's civil contempt authority. *Dyer*, 322 F.3d at 1195. In addition to its civil contempt authority under §105, a bankruptcy court "has inherent authority 'to sanction a party who willfully disobeys court orders or acts in bad faith, such as willful improper conduct.' Where a court imposes a sanction under its inherent power, it must make a finding of bad faith." *In re Count Liberty, LLC*, 370 B.R. 259, 271-72 (Bankr. C.D. Cal. 2007). Inherent authority sanctions may be imposed "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001).

Pursuant to its inherent authority, the Court will issue an order requiring Plaintiff to appear and show cause why he should not be sanctioned in the amount of Defendant's reasonable attorney's fees for filing the Complaint. Plaintiff filed the Complaint two days after he had cashed the check Defendant issued in connection with the Settlement Agreement. This demonstrates that at the time Plaintiff filed the Complaint, he knew that Defendant had complied with the terms of the Settlement Agreement. Plaintiff's allegations that Defendant breached the Settlement Agreement by failing to issue a check that could be cashed at a bank where Plaintiff

lacked an account are frivolous. Nothing in the Settlement Agreement required Defendant to issue such a check.

      Defendant shall submit an order indicating that judgment has been granted in its favor within seven days of the hearing. The Court will issue the Order to Show Cause.